ORIGINAL

AO 93 (Rev. 12/09) Search and Seizure Warrant   (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>7950 West Sunset Boulevard, Apartment 514<br>Los Angeles, California 90046 | )<br>)<br>)  Case No.  **15- 1674M**<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

       An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Central_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location):*

    See Attachment A

       The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

    See Attachment B

       I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

       **YOU ARE COMMANDED** to execute this warrant on or before _____14 days from the date of its issuance_____
                                                                                                              *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.        ☐ at any time in the day or night as I find reasonable cause has been
                                                                         established.

       Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

       The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                                  *(name)*

       ☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*

                                  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   9/8/15   2:05pm   *(signature)*
                                                                                        *Judge's signature*

City and state:   Los Angeles, California          Hon. Suzanne H. Segal, U.S. Magistrate Judge
                                                                                      *Printed name and title*

AUSA: Joanna Curtis x10298

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed:<br>9/9/2015 AT 7:15 AM | Copy of warrant and inventory left with:<br>LEFT AT SEARCH LOCATION |
|---|---|---|
| Inventory made in the presence of : | N/A | |

Inventory of the property taken and name of any person(s) seized:

[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

SEE ATTACHED    FD-597s

### Certification  (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 9/14/2015

_____
Executing officer's signature

WILLIAM CONE, SPECIAL AGENT FBI
Printed name and title

AUSA: Joanna Curtis x10298

FD-597 (Rev 8-11-94)                                                              Page __1__ of __2__

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File #  _182B-SD-4252097_

On (date)  _9/9/2015_

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name)  OWEN MICHAEL HANSON

(Street Address)  7950 WEST SUNSET BLVD.

(City)  LOS ANGELES, CA

Description of Item(s):

1) 3 SETS OF KEYS, ONE WITH COSTA RICA Key CHAIN

2) D. Yurman 925 silver necklace w/ pendant, brown band, Curtis & Co. watch white band, Curtis & Co. watch, black band Curtis & Co. watch

3) Bank of America For Deposit only stamps (2)

4) silver & black bracelet, 2004 Rose Bowl watch, 2005 Orange Bowl watch

5) HP pavillion laptop S/N: 2MC10215 7F

6) Dell Inspiron laptop 1545 S/N: 1372793245 3

7) 6 $50 gold coins

8) numerous IRS & Secretary of State documents

9) frame w/ $1000 US bill, $1000 Swiss, $500 Euro note, $100 Australian

10) verifone credit card machine. S/N: 214-977-643

11) Cassida money canter S/N: 103150771 UVMG 56735

12) Apple iMac laptop S/N: C02665 4VDV7L

13) 1 micro SD card S/N: SD-CO2G

14) 3 phones - ① Blackberry Bold S/N: 356840043548105, ② Samsung Galaxy S4 S/N: R31D700730A, ③ Blackberry Porsche Design S/N: 35185004116752

15) Porta cellphone S/N: 1:358971035774181

16) 2 4G Hotspot devices & Tracfone S/N: 6PALA20GGB

Received By: _[signature]_ (Signature)    Received From: _____ (Signature)

FD-597 (Rev 8-11-94)                                                    Page __2__ of __2__

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _____

On (date) _____    item(s) listed below were:
                                                      ☐ Received From
                                                      ☐ Returned To
                                                      ☐ Released To
                                                      ☐ Seized

(Name)_____

(Street Address)_____

(City)_____

Description of Item(s): 17) Apple ipad s/N: DMPJ60L5F18P, lenovo laptop
s/N: YB0428106l
18) 3 phones - ① Blackberry Curve s/N: 356835042897801, ② Samsung
s/N: SCHV365HPP, ③ Blackbery Classic s/N: 359892053332489
19) Sony handicam  s/N: 4-133-898-01
20) 4GB SD card
21) 6 watches - black Porche design, Richard Mille, Audemars Piguet,
Hublot, Vestal, Hublot
22) 3 watches - Curtis & Co, Hublot, Dior
23) $10,000 in U.S. currency in ~~~~ ~~~~ envelope
24) 5 plastic cases containing 99 silver dollars
25) Wells Fargo debit card #4342562165989300,
~~~~ 10 oz of Australian silver, 1 kilo of Australian silver
26) Misc notes + Secretary of State documents

Received By: _____    Received From: _____
                (Signature)                                    (Signature)

FD-597 (Rev 8-11-94)                                                    Page ___l___ of ___l___

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
#### Receipt for Property Received/Returned/Released/Seized

File #  _/828-SD-4252097_

On (date) ___9/9/2015___

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) _Shawn Phillips_

(Street Address)_____

(City)_____

Description of Item(s): _____

_2 zip-up bags containing green leafy substance + "mushrooms"_
_+ one bag of Edipure infused w/THC._

Received By: _(Signature)_        Received From: _____  _(Signature)_

## Attachment A

## 7950 West Sunset Boulevard

## Apartment 514

## Los Angeles, California 90046

7950 West Sunset Boulevard, Apartment 514, Los Angeles, California 90046. Target Location #3 is located south of West Sunset Boulevard and west of Hayworth Avenue. 7950 West Sunset Boulevard is a multi-unit apartment complex which appears to be a wood frame construction. The building has off-white, brown, and yellow stucco exterior, windows with white/gray metal trim, and a low-slope (flat) roof. The address "7950 West Sunset" is displayed along the north side of the structure.



Map of the complex, specifically 7950 West Sunset Boulevard, 5th floor, Los Angles, California 90046. As previously stated, the structure is south of West Sunset Boulevard and west of Hayworth Avenue.



The door to Apartment 514 is dark brown in color, with two silver covered
bolt lock above a silver colored handle on the left side of the door.   The
door also has a "peep-hole" in the center of the door slightly under the
top of the door.   To the left of the door is a square with "514" displayed
in black over a gray colored placard.



### ATTACHMENT B

## I.  ITEMS TO BE SEIZED

1.   The items to be seized are evidence, fruits, and
instrumentalities of violations of Title 21, United States Code,
Sections 846 and 841, that is, conspiracy to distribute five
kilograms or more of cocaine, namely:

a.   Records, documents, programs, applications, or
materials relating to or memorializing the facilitation of
distribution of controlled substances, including any currency in
amounts exceeding $1,000, buyers lists, seller lists, pay/owe
sheets, records of sales, log books, drug ledgers, telephone
answering pads, bank and financial records, storage records such as
storage locker receipts, and safe deposit box rental records;

b.   Records, documents, programs, applications, or
materials and articles of personal property relating to the identity
of persons occupying, possessing, residing in, owning, frequenting
or controlling the premises to be searched or property therein,
including keys, rental agreements and records, property acquisition
records, utility and telephone bills and receipts, photographs,
answering machine tape recordings, telephone beeper or paging
devices, rolodexes, telephone/communication devices answering pads,
storage records, vehicle and/or vessel records, canceled mail
envelopes, correspondence, financial documents such as tax returns,
bank records, safe deposit records, canceled checks, and other
records of income and expenditure, credit card and bank records,
travel documents, personal identification documents, and documents

relating to obtaining false identification, including birth certificates, driver's license, immigration cards and other forms of identification in which the same person would use other names and identities other his/her own;

c. Chemicals and/or equipment used for manufacturing, packaging, weighing, cutting, testing, distributing and identifying controlled substances;

d. Records, documents, programs, applications, or materials and articles of personal property relating to the commission of a conspiracy to conduct narcotics trafficking, including precious metals, jewelry, written correspondence, video tape recordings, photographs and/or drawings related to narcotics trafficking activities.

e. Any digital device used to facilitate the above-listed violations and forensic copies thereof.

f. With respect to any digital device used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence

of the presence or absence of security software designed to detect malicious software;

    iii.    evidence of the attachment of other devices;

    iv.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v.    evidence of the times the device was used;

    vi.    passwords, encryption keys, and other access devices that may be necessary to access the device;

    vii.    applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    viii.    records of or information about Internet Protocol addresses used by the device;

    ix.    records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    2.    As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

    3.    As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop,

laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II.   SEARCH PROCEDURE FOR DIGITAL DEVICES

4.   In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location.  The search team shall complete the search as soon as is practicable but not to exceed 60 days from the date of execution of the warrant.  If additional time is needed, the government may seek an extension of this time period from the Court on or before the date by which the search was to have been completed.

b.   The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i.   The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

ii.   The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

c.   When searching a digital device pursuant to the specific search protocols selected, the search team shall make and retain notes regarding how the search was conducted pursuant to the selected protocols.

d.   If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

e.   If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

f.     If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

g.     If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of items to be seized, the government may retain forensic copies of the digital device but may not access them (after the time for searching the device has expired) absent further court order.

h.     The government may retain a digital device itself until further order of the Court or one year after the conclusion of the criminal investigation or case (whichever is latest), only if the device is determined to be an instrumentality of an offense under investigation or the government, within 14 days following the time period authorized by the Court for completing the search, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending).  Otherwise, the government must return the device.

i.     Notwithstanding the above, after the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5.     In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a.     Any digital device capable of being used to commit, further or store evidence of the offenses listed above;

b.    Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.    Any magnetic, electronic, or optical storage device capable of storing digital data;

d.    Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e.    Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.    Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.    Any passwords, password files, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

6.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.